Filed 7/7/26  P. v. Flemings CA2/7

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>  v.<br><br>KEVIN TYRONE FLEMINGS,<br><br>  Defendant and Appellant. | B339934<br><br>(Los Angeles County<br>Super. Ct. No. SA029102) |

APPEAL from an order of the Superior Court of Los Angeles County, Christopher W. Dybwad, Judge.  Dismissed.

Micah Reyner, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles G. Ragland, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Steven D. Matthews, Supervising Deputy Attorney General, and Rama R. Maline, Deputy Attorney General, for Plaintiff and Respondent.

————————————————

Kevin Tyrone Flemings appeals from the superior court's order denying Flemings's petition for a writ of error coram nobis in which he requested that the court correct a 2001 abstract of judgment to reflect that the court had imposed and stayed a one-year enhancement for a prior prison term under Penal Code former section 667.5, subdivision (b).[1]  Flemings filed his petition in 2024 in an effort to qualify for resentencing under section 1172.75, subdivision (c), which provides for resentencing of individuals in custody serving sentences that include an enhancement under former section 667.5, subdivision (b).[2]  Because Flemings has failed to make a prima facie case for issuance of a writ of error coram nobis, we dismiss the appeal.

## FACTUAL AND PROCEDURAL BACKGROUND

A.    *Flemings's Convictions, Sentencing, and Two Appeals*
In 1998 Flemings and his codefendant Lionel Farley were convicted after a jury trial on seven counts of attempted second degree robbery (§§ 211, 664), conspiracy to commit robbery (§ 182, subd. (a)(1)), possession of a firearm by a felon (§ 12021, subd. (a)(1)), shooting at an occupied vehicle (§ 246), and assault with a semiautomatic gun on a peace officer (§ 245, subd. (d)(2)). The jury also found true that Flemings personally used a firearm and a principal was armed with a firearm (§§ 12022, subd. (a)(1),

---

[1]    Further statutory references are to the Penal Code.

[2]    Effective January 1, 2022, Senate Bill No. 483 (Stats. 2021, ch. 728, § 3) added section 1171.1, which was later renumbered as section 1172.75.

2

12022.5, subd. (a)(1)).  In a bifurcated proceeding the trial court found true that Flemings was convicted of two prior serious or violent felonies under the three strikes law (§§ 667, subd. (b)-(i), 1170.12), one of which was a serious felony under section 667, subdivision (a)(1), and that Flemings had two prior convictions for which he served prison terms within the meaning of former section 667.5, subdivision (b).

The trial court[3] sentenced Flemings to an aggregate term of 284 years four months to life in state prison.  The court imposed two five-year sentences for the enhancements under section 667, subdivision (a)(1), and it imposed and stayed a one-year sentence for the prior prison term enhancement under section 667.5, former subdivision (b) (section 667.5(b) enhancement).  The abstract of judgment reflects the two section 667, subdivision (a)(1), enhancements and the stayed section 667.5(b) enhancement.  Flemings appealed, and in 2000 this court affirmed the convictions but vacated the sentence and remanded for the trial court to determine whether to sentence Flemings concurrently or consecutively on specified counts.  (*People v. Farley* (Jan. 10, 2000, B142936) [nonpub. opn.].)

Following issuance of the remittitur, on June 23, 2000 the trial court determined that consecutive sentences were appropriate for counts 2 through 9 (for attempted robberies), and the court stayed counts 1 and 10 under section 654.  The court did not specifically address the section 667.5(b) enhancement but stated generally:  "The enhancements will remain the same, and the 667(a) allegation remains the same.  Now it's just an

---

[3]     Judge Richard Neidorf presided over the trial and subsequent proceedings in 2000 and 2001.

3

administrative task to calculate the enhancements and the priors, so on the counts alone it's 225 years to life plus the enhancements and the priors." The court then calculated the sentence and explained, "I have 23 years four months on the enhancements, and 10 years on the priors. That equals 258 years to life."

The abstract of judgment from the June 23 hearing filed on June 29, 2000 (June 29, 2000 abstract) reflected the amended sentences on the counts and included the firearm-use enhancements. However, the abstract did not include the two five-year enhancements under section 667, subdivision (a)(1), or the section 667.5(b) enhancement. Section 3 of the abstract for "enhancements charged and found to be true for prior convictions or prison terms" was left blank. (Capitalization and boldface omitted.)

Flemings again appealed, and on June 25, 2001 this court again affirmed the convictions but reversed the sentence with respect to the firearm-use enhancements and remanded for resentencing limited to imposition of full, consecutive terms on those enhancements (instead of the unauthorized determinate terms the trial court had imposed). This court also ordered the abstract of judgment modified to show that the sentences on counts 1 and 10 were stayed pursuant to section 654 and to include the two five-year terms pursuant to section 667, subdivision (a)(1). (*People v. Flemings* (June 25, 2001) No. B142936 [nonpub.opn.] (*Flemings I*).) The opinion is silent with respect to the section 667.5(b) enhancement that was not included on the June 23, 2000 abstract. The disposition provided: "The cause is remanded for resentencing for the court to select authorized terms of imprisonment for the Penal Code

4

section 12022.5 firearm use enhancements.  In all other respects, the judgment is affirmed.  Upon remand, the court shall prepare an amended abstract of judgment which, inter alia, states the terms imposed for counts 1 and 10 are stayed under Penal Code section 654 and indicates the court imposed two Penal Code section 667, subdivision (a)(1), enhancements." (*Flemings I*, B142936.)

On September 26, 2001, following the filing of the remittitur, the trial court "order[ed] that the clerk at the sentencing desk amend the abstract per instructions of the court of appeal."  The minute order does not reflect that the court held a resentencing hearing, and Flemings, his counsel, and the prosecutor were not present in court.  Further, there was no court reporter.  The court prepared an amended abstract of judgment certified by the court clerk on October 9, 2001 (October 9, 2001 abstract).  The amended abstract lists the date of the sentencing hearing as June 23, 2000 and includes the two five-year enhancements under section 667, subdivision (a)(1), but not the section 667.5(b) enhancement.[4]

B.    *2024 Letter to the Superior Court and Petition for Writ of Error Coram Nobis*

On February 15, 2024 Flemings, representing himself, filed a letter with the superior court requesting the court correct the

---

[4]    We note that the June 23, 2000 abstract reflects imposition of determinate sentences on the firearm enhancements imposed and stayed on counts 2 through 8 as three years four months. The amended October 9, 2001 abstract reflects the identical sentences, contrary to the direction of this court in *Flemings I, supra*, B142936.

5

October 9, 2001 abstract to include the section 667.5(b) enhancement and resentence him pursuant to section 1172.75, subdivision (a).  Flemings attached the October 9, 2001 abstract and the 1998 minute order finding the prior prison term allegation true.  The appellate record does not indicate whether the court responded to the February 15 letter.[5]

On April 4, 2024 Flemings, again representing himself, filed a petition for a writ of error coram nobis.  The petition stated the October 9, 2001 amended abstract did not include the section 667.5(b) enhancement.  Further, Flemings did not learn that the amended abstract did not include the section 667.5(b) enhancement "until recently, after reviewing his central file." Flemings noted he did not appeal from entry of the October 2001 abstract of judgment.  He requested as relief that the superior court issue an amended abstract that included the section 667.5(b) enhancement and recall his sentence pursuant to section 1172.75.  On June 3, 2024 Flemings, representing himself, filed another petition for writ of error coram nobis raising the same issues and seeking the same relief.

On June 27, 2024 the superior court (Judge Christopher W. Dybwad) issued a non-appearance minute order denying the petition.  The court recounted that Flemings alleged in his petition that the amended abstract of judgment did not include the section 667.5(b) enhancement the trial court imposed and stayed at the initial sentencing in 1998, and that following the remand from the Court of Appeal in 2001, "the trial court issued a new abstract of judgment without any section 667.5[(b)]

_____

[5]     Flemings notes that he also filed petitions for writs of habeas corpus in 2014 and 2023 "raising claims unrelated to those made in this appeal," and the petitions were denied.

enhancement. The total length of the sentence remained the same." The superior court concluded, "Based on these facts, Petitioner cannot meet the 'strict requirements' necessary for a Writ of Coram Nobis," citing *People v. Shipman* (1965) 62 Cal.2d 226, 230 (*Shipman*) and *People v. Kim* (2009) 45 Cal.4th 1078 (*Kim*).

Flemings timely appealed.

## DISCUSSION

A.     *Flemings Did Not Make a Prima Facie Case for Issuance of a Writ of Error Coram Nobis*

Flemings contends the superior court erred in denying his petition for a writ of error coram nobis because he met the requirements for issuance of a writ of error coram nobis under *Kim, supra*, 45 Cal.4th at pages 1092 to 1093. The trial court did not err. As the Supreme Court explained in *Kim*, "The grounds on which a litigant may obtain relief via a writ of error *coram nobis* are narrower than on habeas corpus [citation]; the writ's purpose 'is to secure relief, where no other remedy exists, from a judgment rendered while there existed some fact which would have prevented its rendition if the trial court had known it and which, through no negligence or fault of the defendant, was not then known to the court.'" (*Id.* at p. 1091.)

The Supreme Court in *Kim* stated that its earlier decision in *Shipman, supra*, 62 Cal.2d at page 230 set forth "the modern requirements for obtaining a writ of error *coram nobis*." (*Kim, supra*, 45 Cal.4th at pp. 1092-1093.) Under *Shipman*, three requirements must be met: "(1) Petitioner must 'show that some fact existed which, without any fault or negligence on his part, was not presented to the court at the trial on the merits, and

7

which if presented would have prevented the rendition of the judgment.' [Citations.] (2) Petitioner must also show that the 'newly discovered evidence . . . [does not go] to the merits of issues tried; issues of fact, once adjudicated, even though incorrectly, cannot be reopened except on motion for new trial.' [Citations.] This second requirement applies even though the evidence in question is not discovered until after the time for moving for a new trial has elapsed or the motion has been denied. [Citations.] (3) Petitioner 'must show that the facts upon which he relies were not known to him and could not in the exercise of due diligence have been discovered by him at any time substantially earlier than the time of his motion for the writ. . . .'" (*Shipman*, at p. 230; see *Kim*, at pp. 1092-1093.)

Flemings did not meet the requirements for issuance of a writ of error coram nobis. With respect to the first requirement, there is no "fact" that was not "presented to the court at the trial on the merits," which if presented would have prevented rendition of the judgment. (*Shipman*, *supra*, 62 Cal.2d at p. 230.) Rather, Flemings claims the trial court made an error of law in failing to include the section 667.6(b) enhancement on the October 9, 2001 abstract (and that the trial court failed to resentence him). As the Supreme Court explained in *Kim*, *supra*, 45 Cal.4th at page 1093, however, the remedy of a writ of error coram nobis "'does not lie to enable the court to correct errors of law.'" (See *id*. at p. 1104 ["That a claim of ineffective assistance of counsel, which relates more to a mistake of law than of fact, is an inappropriate ground for relief on *coram nobis* has long been the rule."]; *People v. Forest* (2017) 16 Cal.App.5th 1099, 1112 ["'[T]he function of a writ of error *coram nobis* is to correct an error of fact. It never issues to correct an error of law.'"]; *People*

8

*v. McElwee* (2005) 128 Cal.App.4th 1348, 1352 ["[t]hat appellant believed, at the time of his plea, that he would only serve 15 years in prison was not a mistake of fact but one of law," and therefore the petition for writ of error coram nobis was properly denied].)[6]

Moreover, Flemings could have appealed from the judgment entered on October 9, 2001 and asserted his claims that the trial court erred in omitting the 667.5(b) enhancement on the October 9, 2001 abstract and failing to resentence him as ordered by this court in *Flemings I, supra,* B142936. But he failed to do so (presumably because the court's failure to impose full determinate terms on the firearm-use enhancements and the one-year section 667.5(b) enhancement inured to his benefit). As the Supreme Court in *Kim, supra,* 45 Cal.4th at page 1099 clarified, the remedy of a writ of error coram nobis is not intended to provide "'a second remedy to a party who has lost the remedy provided by law through failing to invoke it in time—even though such failure accrued without fault or negligence on his part.'" (See *People v. Darcy* (1947) 79 Cal.App.2d 683, 693 [trial court properly denied petition for writ of error coram nobis where defendant did not timely appeal from judgment or move for new trial].)

Finally, Flemings cannot meet the third requirement—that he did not previously discover the missing section 667.5(b) enhancement and could not have discovered the issue in the

_____

[6]     For the same reason, Flemings did not meet the second requirement that there be "'newly discovered evidence'" that does not go to the merits of the issues tried. (See *Shipman, supra,* 62 Cal.2d at p. 230.) Any legal error in the abstract is not evidence.

9

exercise of due diligence. Flemings stated in his petition that he did not discover the missing section 667.5(b) enhancement "until recently," when he reviewed his "central file." But Flemings acknowledges on appeal that the June 29, 2000 abstract was the subject of his second appeal, which resulted in this court's opinion in *Flemings I, supra*, B142936 directing the trial court to resentence Flemings and correct the abstract of judgment. Therefore, Flemings (or his attorney) was aware in 2000 that the section 667.5(b) enhancement was not included in the June 23, 2000 abstract, yet he did not appeal or seek relief for another 20 years.

Flemings responds that although his attorney would have been aware of the missing section 667.5(b) enhancement at the time of Flemings's second appeal in 2000, his attorney would not have viewed the missing enhancement "as an error worth correcting at the time it occurred over 20 years ago." Rather, the missing section 667.5(b) enhancement only became relevant after enactment of section 1172.75, effective January 1, 2022. That may well be, but Flemings cites no authority for the proposition that a petition for a writ of error coram nobis may be filed 20 years after an issue is discovered because the issue only became meaningful after new ameliorative legislation is enacted.[7]

---

[7]     Flemings argues that a petition for a writ of error coram nobis was the only available remedy he had in 2024 after his petition for a writ of habeas corpus was denied as successive. However, according to Flemings's opening brief, his petition for a writ of habeas corpus was on an unrelated subject. Further, his petition for a writ of habeas corpus was denied in part because he raised issues that could have been raised on appeal, without making a showing that an exception applied. Flemings has not sought habeas relief with respect to the trial court's failure to

10

B.      *We Do Not Have Jurisdiction To Correct the Trial Court's Error in Failing To Resentence Flemings Following This Court's Decision in* Flemings I

Flemings contends that because the trial court failed to resentence him following our decision in *Flemings I, supra*, B142936, the sentence reflected in the October 9, 2001 abstract was unauthorized, which we can correct at any time.  In the alternative, Flemings requests we "exercise [our] power" to correct a clerical error in the October 9, 2001 by ordering the abstract of judgment be amended to include the one-year section 667.5(b) enhancement.  (Boldface omitted.)  We have no jurisdiction to remand for resentencing or to correct the abstract of judgment.

We agree with Flemings that the trial court erred in failing to resentence him following this court's June 6, 2001 opinion in which, as part of the disposition, we "remanded for resentencing for the court to select authorized terms of imprisonment for the Penal Code section 12022.5 firearm use enhancements." (*Flemings I, supra*, B142936.)  As discussed, the trial court did not hold a resentencing hearing, instead simply directing the court clerk to modify the abstract of judgment consistent with this court's instructions in *Flemings I*.  The court clerk did just that:  The October 9, 2001 abstract reflects that the sentences on counts 1 and 10 were stayed and that two section 667, subdivision (a)(1), enhancements were imposed.  However, the court did not resentence Flemings with respect to the firearm-use enhancements, and instead, the October 9, 2001 abstract

---

include the section 667.5(b) enhancement in the October 9, 2011 abstract.

11

contains the identical determinate-term enhancements this court in *Flemings I* found were not authorized.

The fact the trial court did not resentence Flemings (or include the section 667.5(b) enhancement in the abstract of judgment) does not, however, provide jurisdiction for us to correct the sentence more than 20 years later. As discussed, Flemings had a right to appeal the judgment entered based on the October 9, 2001 abstract, and he could have raised both the failure to resentence him and the missing section 667.5(b) enhancement in the abstract. That judgment is now long-since final.

We explained the lack of jurisdiction in this situation (to correct a long-since-final judgment) in *People v. Singleton* (2025) 113 Cal.App.5th 783, 797 (*Singleton*): "Although Singleton's 2018 sentence was unauthorized, that does not mean the trial court in 2023 had jurisdiction to correct the sentencing error. As the Supreme Court explained in *Kabran v. Sharp Memorial Hospital* (2017) 2 Cal.5th 330, 339, 'A lack of fundamental jurisdiction is "'"an entire absence of power to hear or determine the case, an absence of authority over the subject matter or the parties."'"' [Citation.] '"[A]n act beyond a court's jurisdiction in the fundamental sense is null and void" *ab initio*.' [Citations.] By contrast, 'courts that violate procedural requirements, order relief that is unauthorized by statute or common law, or otherwise "'fail[] to conduct [themselves] in the manner prescribed'" by law [are described] as acting "'in *excess* of jurisdiction.'"' (*Kabran*, at pp. 339-340.) Where a court acts 'in excess of jurisdiction,' the court 'still has "jurisdiction over the subject matter and the parties in the fundamental sense" [citation], [and] any such act is "valid until set aside. . . ."'" (See *People v. King* (2022)

12

77 Cal.App.5th 629, 633-634 ["[a]lthough King correctly contends that the sentence on the rape-in-concert conviction on count III was unauthorized, we conclude that the trial court had no jurisdiction to entertain King's motion to vacate his sentence" 30 years later].)

Although in *Singleton* we addressed the authority of the trial court to vacate a sentence that was long-since final, the same reasoning applies here. The trial court's failure in 2001 to resentence Flemings and to prepare an amended abstract of judgment was in excess of the court's jurisdiction; the court did not lack fundamental jurisdiction to impose the sentence and amend the abstract of judgment. Thus, we do not have jurisdiction to vacate or correct the sentence on appeal from denial of a petition for a writ of error coram nobis other than to address the merits of the petition. Likewise, we do not have jurisdiction to correct the abstract of judgment, even if we were to find the trial court made a clerical error, as argued by Flemings.

Because Flemings has not made a prima facie showing of merit in his petition for a writ of error coram nobis, we dismiss his appeal. (*People v. Totari* (2002) 28 Cal.4th 876, 885, fn. 4 ["In an appeal from a trial court's denial of an application for the writ of error *coram nobis,* a reviewing court initially determines whether defendant has made a prima facie showing of merit; if not, the court may summarily dismiss the appeal."]; see *People v. Adamson* (1949) 34 Cal.2d 320, 329, 338 [dismissing appeal from denial of petition for writ of error coram nobis where defendant failed to allege facts to constitute prima facie case for relief].)

13

## DISPOSITION

Flemings's appeal from the order denying his petition for a writ of error coram nobis is dismissed.

FEUER, J.

We concur:

MARTINEZ, P. J.

SEGAL, J.